# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-0212 FMO (ASx) | Date | February 1, 2019 |
| Title | Warner Bros. Home Entertainment Inc. v. Carroll Carter, et al. | | |

Present: The Honorable **Fernando M. Olguin, United States District Judge**

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

None Present                         None Present

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal For Lack of Personal Jurisdiction and/or Improper Venue

On January 9, 2019, plaintiff Warner Bros. Home Entertainment Inc. ("plaintiff"), filed a "Complaint for Copyright Infringement" against defendants Carroll Carter (a/k/a Caroll Carter, a/k/a Carroll John Carter) ("Carter") and Does 1-10 (collectively, "defendants"). (See Dkt. 1, "Complaint"). Plaintiff's principal place of business is in Burbank, California, (see id. at ¶ 4), and Carter is alleged to be a resident of Port Saint Lucie, Florida. (See Id. at ¶ 10).

"[F]or claims of copyright infringement[,] venue is proper in the district in which the defendant or his agent resides or may be found. The Ninth Circuit interprets [28 U.S.C. § 1400] to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F.Supp.3d 945, 959 (N.D. Cal. 2015) (internal citation and quotation marks omitted). As to personal jurisdiction, the law of the circuit is that while "a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what Walden requires" and that "mere satisfaction of the test outlined in Washington Shoe, without more, is insufficient to comply with due process." Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1070 (9th Cir. 2017) (referring to Walden v. Fiore, 571 U.S. 277, 134 S.Ct. 1115 (2014) and Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 670 (9th Cir. 2012)). Here, the Complaint does not allege sufficient facts demonstrating that defendants are subject to personal jurisdiction in this judicial district and that venue is proper within the meaning of 28 U.S.C. § 1400.

Based on the foregoing, IT IS ORDERED that no later than **February 11, 2019**, plaintiff shall file a First Amended Complaint setting forth allegations establishing that personal jurisdiction and copyright venue are proper in this judicial district. Plaintiff is reminded that the First Amended Complaint must comply with the requirements of Fed. R. Civ. Proc. 8. Failure to file a First Amended Complaint by February 11, 2019, shall be deemed as consent to the dismissal of the action for lack of personal jurisdiction, improper venue, and/or failure to comply with the orders of the court. In addition, failure to file a timely First Amended Complaint may result in the imposition of sanctions against plaintiff and/or plaintiff's counsel. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0212 FMO (ASx) | Date | February 1, 2019 |
|---|---|---|---|
| Title | Warner Bros. Home Entertainment Inc. v. Carroll Carter, et al. | | |

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |